IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



RAYMOND JOHN DANIELS,
TDCJ-CID No. 01616508,

    Plaintiff,

v.

GARRY W. SMITH, *et al.*,

    Defendants

2:19-CV-193-Z-BR

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 7. On February 13, 2020, the Court ordered Plaintiff to complete a Briefing Order Questionnaire. ECF No. 8. In response, Plaintiff filed three documents: (1) the completed questionnaire (ECF No. 9), (2) an amendment to the questionnaire (ECF No. 10), and (3) the Amended Complaint (ECF No. 22). The Court ordered the Defendants to submit a *Martinez* Report concerning Plaintiff's allegations, and the Defendants filed responsive documents. *See* ECF Nos. 26–29. For the reasons discussed herein, Plaintiff's Amended Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff's Amended Complaint contains some facts listed in his original Complaint, his questionnaire response, and his amended questionnaire response; thus, the Court will consider Plaintiff's Amended Complaint as a supplement to Plaintiff's other filings. *See* ECF Nos. 3, 9–10,

and 22. Plaintiff's claims are threefold. First, Plaintiff claims he was subjected to excessive force. Plaintiff alleges on November 15, 2018, Defendant Garry W. Smith violated his Eighth Amendment rights by "slamming him against a wall and handcuffing him," (ECF Nos. 9 at 1, 10 at 1 ("I then instead was slammed to wall and handcuffed")). Plaintiff claims he did *not* threaten another inmate, Darryl Harper, prior to the use of force. *See id.* Plaintiff also alleges that he was falsely charged with a disciplinary offense and an inadequate investigation was performed. ECF No. 10 at 2–3. Third, Plaintiff alleges that after he was handcuffed, removed from the cell, and placed in administrative segregation housing, his property was wrongfully seized and improperly handled by Defendant Tandy. *See id.* at 3. Plaintiff also sues supervisors responsible for training and review of grievances at the Dalhart Unit of TDCJ and TDCJ officials responsible for custodial housing classifications and assignments. *See id.* at 4.

Plaintiff alleges that he did not threaten another inmate and therefore no force against him was necessary. *Id.* at 1. Throughout his allegations, Plaintiff denies any non-compliance with orders. *See id.* Plaintiff alleges he was taken to administrative segregation without his property and left overnight in a cell. *Id.*

The *Martinez* Report and accompanying records show that Plaintiff was indeed convicted of two disciplinary infractions arising from the November 15, 2018 incident. *See* ECF No. 27-2 at 3–5. Plaintiff lost 30 days good-time credit as a result of these convictions. *See id.* Plaintiff provided a written statement concerning the disciplinary charge and inmate Harper also provided a statement. *See id.* at 9, 13–14. Defendant Garry W. Smith also provided a written statement concerning the incident. *Id.* at 6. Plaintiff was charged with (1) refusing to accept a housing assignment, and (2) threatening to inflict harm on another offender. *Id.* at 4–6. Plaintiff acknowledges he was convicted of these charges arising from the incident but maintains his

2

innocence. ECF No. 9 at 2, ECF No. 10 at 2–3. Plaintiff stated he filed a grievance following his disciplinary conviction, and that Step 2 grievance and TDCJ's response is included in the *Martinez* Report. ECF No. 26-1 at 87–88, 93. Plaintiff continued to maintain his innocence in the disciplinary matters. *See id.* No grievance records exist regarding the force used to remove Plaintiff from the cell by Officer Smith. *See id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

### ANALYSIS

In recent years, the Fifth Circuit has clarified when excessive force claims may be barred under the *Heck* doctrine if a prisoner also receives a disciplinary conviction arising from the

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

3

incident. *See Aucoin v. Cupil*, 958 F.3d 379, 380–81 (5th Cir.), *cert. denied*, 141 S. Ct. 567, 208 L. Ed. 2d 183 (2020) (citing *Bourne v. Gunnels*, 921 F.3d 484 (5th Cir. 2019)). This is a fact intensive analysis.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under Title 42 United States Code, Section 1983. *Id*. Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. In this context, a conviction includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

An inmate cannot bring a Section 1983 claim for excessive use of force by a prison guard if the inmate has already been found guilty for misconduct that justified that use of force. *See Aucoin*, 958 F.3d at 381. But *Heck* does not bar a Section 1983 claim for a prison guard's excessive use of force after the inmate has submitted and ceased engaging in the alleged misconduct. *See, e.g., Bourne*, 921 F.3d at 490–91; *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008). Here, Plaintiff's account of the facts is that he was in constant compliance with the guards. But this account contraindicates the result of his disciplinary conviction — which indicates Plaintiff's behavior

4

justified the need for *some* force; specifically, Plaintiff was convicted for threatening another inmate (Darryl Harper) during an attempted housing assignment where the two inmates were placed into the same cell. *See* ECF No. 27-2 at 3–5. Plaintiff's own description of the force used indicates the following, "as I [Plaintiff] was in the cell already there [sic] threat to spray him or me in the face if not move-comply if not turn around for handcuffing ... I was in my placement. I then instead was slammed to the wall and handcuffed . . . ." ECF No. 10 at 1. Plaintiff describes the use of force as immediately following the threat he is alleged to have made against inmate Harper. *See id.*; *see also* ECF No. 27-2 at 6. The disciplinary conviction was as a result of refusing his housing assignment and threatening another inmate. *See* ECF No. 27-2 at 3. The force was immediately applied to remove Plaintiff from the cell and away from the inmate he was convicted of threatening. *See id.* Thus, *Heck* bars a claim for damages as Plaintiff's claims necessarily challenge the validity of his disciplinary conviction, especially in light of the fact that Plaintiff's primary complaint is that he is innocent and this disciplinary conviction resulted in the denial of his parole. *See* ECF No. 22 at 4.

The Fifth Circuit's opinion in *Aucoin* is instructive. Like in *Aucoin*, Plaintiff's claims arise from one uninterrupted encounter "told as" one sweeping story. *Aucoin*, 2019 WL 4023747, at *3. Also, like the defendant in *Aucoin*, Plaintiff has *not* conceded he committed any act that resulted in his disciplinary conviction. *See id.* (Aucoin stated that he did nothing to provoke Defendants' use of mace). Further, Plaintiff's convictions "tell a different story." *Id.* Thus, the force used here was in response to the behavior for which Plaintiff was disciplined. As such, Plaintiff's claims are barred by the *Heck* doctrine and are frivolous unless his conviction is overturned. *See id.* at *4. As it is not, Plaintiff's claim of excessive force is **DISMISSED**.

5

Plaintiff also claims a due process rights violation because of an inadequate investigation into his grievances and an improperly conducted disciplinary proceeding. ECF No. 10 at 2–3. Plaintiff has not stated a viable claim for denial of his right to procedural due process. An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A prisoner charged with institutional rules violations during a prison disciplinary proceeding is only entitled to relief under the Due Process Clause when the disciplinary conviction resulted in a sanction that infringed upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–87 (1995). A Due Process violation may occur as a result of a direct constitutional violation or as the result of a violation of a state-created interest. *See id.* The range of protected interests "has been dramatically narrowed" by the Supreme Court's *Sandin* opinion. *See Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). The cases indicate that, in order to trigger protection under the Due Process Clause directly, state action must subject the prisoner to consequences that are "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Toney v. Owens*, 779 F.3d 330, 337 (5th Cir. 2015) (quoting *Vitek v. Jones*, 445 U.S. 480, 493 (1980)). Plaintiff has not alleged such a claim. Plaintiff's due process claim is **DISMISSED**.

Additionally, the Fifth Circuit has held that inmates do not have a constitutionally protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 Fed. Appx. 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his

grievances because he had no protected liberty interest in the processing of grievances). A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable claim. *See* 42 U.S.C. § 1997e(b). Inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. Any claim Plaintiff asserts for failure to adequately investigate grievances is **DISMISSED**.

Plaintiff also asserts that his property was seized after his removal to administrative segregation. The *Martinez* Report indicates that Plaintiff's property was seized and itemized, and Plaintiff signed for the return of his property on November 19, 2018, four days after the incident. *See* ECF No. 26-1 at 85. Plaintiff filed a grievance concerning missing property, but Plaintiff fails to state a claim for relief despite multiple amendments and supplements to his claims. Plaintiff claims Defendant Tandy "packed his property and lost it." ECF No. 22 at 3. But Plaintiff signed for the return of several items of property and does not identify lost property in his complaint. *See id.*; *see also* ECF No. 26-1 at 85.

A state actor's negligent or intentional deprivation of a plaintiff's property does not result in a violation of procedural due process rights if there exists an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (unauthorized intentional conduct). The Texas court system provides an adequate post-deprivation remedy for taking property. *See Holloway v. Walker*, 784 F.2d 1287, 1292 (5th Cir. 1986). Further, the Texas state administrative and judicial systems provide an adequate state post-deprivation remedy for property taken from prisoners. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In the present case, Plaintiff does not allege officials confiscated his property pursuant to a TDCJ directive and wrongfully seized it — It is apparent they returned

7

at least some of Plaintiff's property, and Plaintiff does not allege that any property was seized and destroyed as a result of policy. Rather, Plaintiff alleges the loss of his property was random, unauthorized, or negligent. Plaintiff's claim is not cognizable in a Section 1983 claim because Texas has adequate post-deprivation remedies. Plaintiff's claims of property deprivation are **DISMISSED**.

CONCLUSION

The Amended Complaint is **DISMISSED**.

**SO ORDERED.**

March 20, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE